■ KAREN LIEBOLT, Mother, on Behalf of KAREN L. LIEBOLT and Another, Infants, Appellant-Respondent, v. FREDERICK L. LIEBOLT, Respondent-Appellant.— Order, Supreme Court, New York County, entered on April 19, 1971, affirmed, without costs and without disbursements. Concur — Nunez, J. P., Kupferman, McNally and Tilzer, JJ.; Eager, J., dissents in part in the following memorandum: I would modify the order appealed from to dismiss the complaint but with leave to the plaintiff to apply to serve an amended complaint. In my opinion, the action should not be entertained as one for the relief as prayed for in the complaint, namely, "for an order reforming and modifying the separation agreement * * * to provide for the support and maintenance of the defendant's two infant children until they reach the age of 21 years" in a stated sum per month on behalf of each child of the marriage.

Nor should this action be allowed for the purpose of a "showing of changed circumstances which render the agreement inadequate". There is no justiciable controversy justifying the burdening of this court with an action for the stated purposes because, concededly, a father is obligated to support his children according to his means and there exists adequate remedies in this connection. (See Family Ct. Act, § 413.) Finally, unless the interests of the children are prejudiced and there is no allegation in the complaint that they are not being adequately and properly supported, the plaintiff should be held bound by the terms of the separation agreement insofar as they were voluntarily assumed by her. If she has a cause of action to avoid the agreement because of fraud or coercion, such a cause of action should be properly pleaded and the plaintiff may serve an amended complaint.